UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

VIVIAN WORRELL, KENNETH
JONES and ERIC DUNBAR

                                    Plaintiffs,

          -against-                              JURY TRIAL DEMANDED

THE CITY OF NEW YORK, a municipal corporation;
and POLICE OFFICERS JOHN and JANE DOE #1-12,
in their individual and official capacities,

                                  Defendants.
-------------------------------------------------------------------------X

      Plaintiffs, Vivian Worrell, Kenneth Jones and Eric Dunbar, and by their attorneys, Zeman & Womble, LLP, alleges for their complaint against the defendants as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights guaranteed by the Constitutions of the Unites States and the State of New York. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The plaintiff VIVIAN WORRELL is an African-American female and was at all relevant times a citizen of the City and State of New York.

7. The plaintiff KENNETH JONES is an African-American male and was at all relevant times a citizen of the City and State of New York.

8. The plaintiff ERIC DUNBAR is an African-American male and was at all relevant times a citizen of the City and State of New York.

9. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, the City of New York, maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

11. At all times hereinafter mentioned, the individually named defendants, Police Officers John and Jane Doe #1-12, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

**August 8, 2014**

15. On March 9, 2017, at approximately 10:00 a.m., the defendant NYPD officers approached the front entrance of 245 Wortman Avenue, Apt. 10K, Brooklyn, New York with guns drawn and entered the apartment.

16. The named defendants immediately detained and searched plaintiffs VIVIAN WORRELL, KENNETH JONES, AND ERIC DUNBAR, all of whom were residents of and inside 245 Wortman Avenue, Apt. 10K, Brooklyn, New York.

17. Plaintiffs WORRELL and JONES have lived in this location for the past twenty-one (21) years.

18. Defendant NYPD officers placed all three plaintiffs into handcuffs behind their backs.

19. Defendant NYPD officers claimed to have an arrest warrant for an individual named Raymond McClaughlin, a name that none of the plaintiffs had heard before.

20. None of the officers who affected this illegal search and seizure of plaintiffs can

3

be identified due to the fact that each defendant NYPD officer present covered or removed any identifying uniform markers, such as a name tag or shield.

21. While inside the premises, the defendants claimed that they were searching the apartment for weapons.

22. No weapons were found in the apartment.

23. While defendants were searching the apartment, defendant police officers ate plaintiffs' food out of their refrigerator, broke a lamp and ate their Dominoes Pizza.

24. After approximately ninety (90) minutes, the defendants were transported by defendant NYPD officers to the 75th Precinct and imprisoned therein.

25. Once they arrived at the 75th Precinct each of the three Plaintiffs were placed in separate holding cells.

26. After approximately eight (8) hours held in the 75th Precinct, each of the three Plaintiffs were released with Desk Appearance Tickets ("DATs") for unlawful possession of marijuana and told to return to court on May 17th, 2017.

27. When the three Plaintiffs went to court on May 17th for their DATs all of their cases were dismissed and sealed.

28. All of the above occurred while other defendant NYPD officers failed to intervene in the illegal conduct described herein.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, arresting individuals for mere presence at the location of the execution of a search warrant; the inadequate screening, hiring, retaining, training supervising, and disciplining of its employees; and due to discrimination against plaintiffs due to their race and/or nationality.

30.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including defendants, are insufficiently trained regarding the execution of search warrants; the investigation of crimes; and, the treatment of innocent and/or uninvolved individuals present at the location of the execution of a search warrant.

31.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.     As a result of the foregoing, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of defendants, their agents, servants and employees

5

were carried out under the color of state law.

36.  All of the aforementioned acts deprived plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR, members of a racial minority, of the rights, privileges and immunities guaranteed to the citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.  Defendants violated the Fourth and Fourteenth Amendment because they stopped and detained plaintiffs without reasonable suspicion.

41.  As a result, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR sustained the damages alleged herein.

**SECOND CAUSE OF ACTION**
(Unlawful Stop Under 42 U.S.C. § 1983)

42.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44. Defendants stopped plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR without reasonable suspicion.

45. As a result, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR sustained the damages alleged herein.

### THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

48. As a result of defendants' aforementioned conduct, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR were subjected to an illegal, improper, and false arrest by the defendants. Plaintiffs were taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

49. Plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR were conscious of their confinement.

50. As a result of the foregoing, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR liberties were restricted for an extended period of time, plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CAUSE OF ACTION
(Failure To Intervene Under U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53. Defendants had an affirmative duty to intervene on behalf of plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR liberties were restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to physical restraints.

## FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The defendants falsely arrested and unlawfully imprisoned plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

58. By virtue of the foregoing, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR were deprived of their rights under the Equal Protection Clause of the

United States Constitution.

## SIXTH CAUSE OF ACTION
(Municipal Liability)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals for mere presence at the location of the execution of a search warrant.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees that was the moving force behind the violation of plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

62. The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan 547 U.S. 586, 598 (2006)

citing <u>Correctional Services Corp. v. Malesko,</u> 534 U.S. 61, 70 (2001) and <u>Nix v. Williams</u>, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." <u>Carlson v. Green</u>, 446 U.S. 14, 21, (1980), <u>citing</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 442, and footnote 6 (1976).

63. However, the City of New York has isolated NYPD officers like John and Jane Doe #1-12 from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers. Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits. In 1999, former Comptroller Alan Hevesi reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.[1] This "total disconnect" between officers' liability and NYPD discipline, results in a system where the City pays vast sums to settle false arrests, but the NYPD does nothing to investigate nor address the underlying causes of such false arrests or officers who have incurred large sums of civil rights liability.

64. The City Council, Government Operations Committee, despite being alerted at a City Council hearing on December 12, 2009, and on other occasions, to the obvious problem of officers and precincts with a disproportionate responsibility for civil rights lawsuit liability, has failed to take action to hold officers or precincts accountable. It has likewise failed to hold an investigative hearing into what extent specific officers, units and precincts are disproportionately

---

[1] Bob Hennelly's WNYC report, "Amid City Budget Crisis, New Scrutiny on Millions in NYPD Settlements" from June 8, 2011: http://www.wnyc.org/articles/its-free-country/2011/jun/08/amid-city-budget-grappling-new-scrutiny-millions-nypd-settlements/, last visited on January 27, 2014.

responsible for New York City civil rights lawsuits.

65. Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD. The City's deliberate indifference towards the contents of civil rights litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiff.

66. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for. Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

67. All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal. "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers

11

that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

68. In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with "deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

69. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

70. Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City.

**SEVENTH CAUSE OF ACTION**
Respondeat Superior
(Against the City of New York)

71. Plaintiffs repeat, reiterate, and reallege paragraphs "1" through "70" as if fully set

 forth herein.

72. The Individual Officer Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

73. The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of

respondeat superior.

74. As a result of the foregoing, plaintiffs VIVIAN WORRELL, KENNETH JONES and ERIC DUNBAR ericare entitled to compensatory damages in an amount to be determined by a jury and are further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
December 15, 2017                    By:    Benjamin Zeman

 

Benjamin Zeman
Attorney for Plaintiffs
Zeman & Womble, LLP
66 Willoughby St., 2nd Floor
Brooklyn, New York 11201
(T) (718) 514-9100
(F) (917) 210-3700
zeman@brooklynattorney.nyc